BACON *v.* McKAY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EYEWITNESSES — PRE-SUMPTIONS—INSTRUCTIONS.

In an action for the alleged negligent killing of plaintiff's decedent, who was struck by defendant's automobile while attempting to cross a city street, a requested instruction, based on the claim that there were no eyewitnesses and therefore plaintiff was entitled to the benefit of the presumption that the decedent was exercising due care, *held*, properly refused.

2. SAME—LAW MAKES ALLOWANCE FOR ONE SUDDENLY PUT IN PERIL.

One put suddenly in peril is not required imperatively to do that which, after the peril is ended, it is seen he might have done and escaped; but the law makes allowance for the fright and lack of coolness of judgment incident to such peril, and a person is not expected to exercise the same coolness and forethought that an uninterested bystander might manifest.

3. SAME—SUDDEN PERIL—REQUESTED INSTRUCTION—TRIAL.

Where the evidence shows that when plaintiff's decedent reached the middle of the street he was suddenly put in peril by defendant's automobile directly approaching him at a speed of about 20 miles an hour, plaintiff was entitled to a requested instruction to the effect that if deceased was suddenly confronted with great danger he was justified in doing what to him, under the stress of the moment, and without time to pause and calmly deliberate, seemed the proper thing for his own safety.

4. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

A pedestrian suddenly put in peril while in the middle of a street by an automobile bearing down upon him at a reckless rate of speed is not guilty of contributory negligence, as a matter of law, because he jumped back to avoid the danger, when had he continued forward he might have escaped.

For authorities discussing the question of reciprocal duties of operator of automobile and pedestrian to use care see notes in 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178.

5. SAME—HIGHWAYS AND STREETS—DUTY OF DRIVER OF VEHICLE. While the driver of a vehicle may use any part of the traversed portion of the street, he must keep such a lookout at points of intersection and have his car under such control that he may seasonably turn his car to the right and avoid a collision.

6. SAME—HIGHWAYS AND STREETS—DUTY OF DRIVER APPROACHING INTERSECTION. The driver of an automobile approaching a city street intersection at the rate of 15 to 20 miles an hour who failed to see a pedestrian in the middle of the street until he was within 20 feet of him, was guilty of negligence as a matter of law, and the fact that he afterwards did all that a prudent and careful driver could do to avoid the collision would not relieve him of liability therefor.

Error to Kent; Dunham (Major L.), J. Submitted April 10, 1924. (Docket No. 23.) Decided July 24, 1924.

Case by Ernest Bacon, administrator of the estate of Roswell W. Bacon, deceased, against John M. McKay for the alleged negligent killing of plaintiff's decedent. Judgment for defendant. Plaintiff brings error. Reversed.

*Irving H. Smith,* for appellant.

*John M. Dunham* and *Paul E. Cholette,* for appellee.

SHARPE, J. Plaintiff reviews by writ of error a judgment entered on a verdict for defendant in an action for personal injuries.

The manner in which the accident resulting in the death of plaintiff's decedent happened is thus stated in the brief of his counsel:

"On the night of October 19, 1922, at about 6:15 in the afternoon the decedent was attempting to cross Monroe avenue in the city of Grand Rapids, from a

westerly direction. He had come along the north side of Sixth street, on the sidewalk at its intersection with Monroe avenue, had stepped off from the sidewalk, running along the north side of Sixth street, onto the pavement of Monroe avenue and was attempting to walk easterly across Monroe avenue to the east curb thereof. He approached to within about 2 feet of the middle of Monroe avenue where he stopped and stood still. He remained in this position till the Ford coupe driven by John M. McKay, the defendant and appellee, traveling at a rate of speed of from 15 to 20 miles an hour, approached to within 10 or 15 feet of him, when he looked up, started to run to the east, and at the same instant the automobile turned to the east, whereupon the decedent stopped running, and jumped back to the right and was hit by the automobile and thrown to the pavement."

The court instructed the jury:

"It is established by evidence beyond contradiction that the defendant himself was negligent upon that occasion."

The only question to be considered is whether the court properly instructed the jury as to the law governing the contributory negligence of the plaintiff's decedent on the facts here presented. It is urged that "there were no eyewitnesses to the accident," and that plaintiff was entitled to the benefit of the presumption that the decedent was exercising due care. The statement of counsel clearly shows that the request based on this claim was properly refused.

There is proof in the record that, when decedent reached about the middle of the intersection of the streets, he paused; that had he not moved or the course of the car been changed, it would have struck him; that when he "looked up" and saw the approaching car, it was within 10 or 12 feet of him and directly approaching him; that defendant gave no warning of his approach; that he was then traveling at about 20

miles an hour; that decedent at first started to go ahead; that the car at the same time veered to the right; that decedent then jumped back and at the same moment the car turned to the left, and the right fender struck him.

The plaintiff requested the following instruction:

"I further instruct you that if you find from the evidence that the decedent, having reached the middle of Monroe avenue and then suddenly finding himself confronted with great danger, was justified in doing what to him, under the stress of the moment and without time to pause and calmly deliberate, seemed the proper thing for his own safety."

The sentence is incomplete. It does not appear that the request was refused for that reason, nor does defendant's counsel raise that question here.

When decedent reached the point at which he stopped, he was in a position of great danger. Defendant's car was then but a few feet from him, and directly approaching him. The rule of law by which his after conduct must be governed is so well stated in Baldwin on Personal Injuries (2d Ed.), § 157, that we quote it:

"One put suddenly in peril is not required imperatively to do that which, after the peril is ended, it is seen he might have done and escaped. The law makes allowance for the fright and lack of coolness of judgment incident to such peril. A person is not expected to exercise the same coolness and forethought that an uninterested bystander might manifest."

It but states the rule applied by this court in many cases. *Schnurr* v. *Railway*, 222 Mich. 591, and cases cited. The request preferred, or the substance of it, should have been given. It cannot be said that the rule embodied therein was fairly covered by the charge as given.

Complaint is made of the instruction relating to de-

fendant's right to drive in the center of the street. The court said:

"Any man has just the same right to drive his automobile in the center of the street or left hand of the center as he has on the right hand side."

This was followed by instructions as to the duty of the driver when others are also using the street. While the driver of a vehicle may use any part of the traveled portion of the street, he must keep such a lookout at points of intersection and have his car under such control that he may seasonably turn his car to the right and avoid a collision. *Corey* v. *Hartel,* 216 Mich. 675. In view of the fact that, as defendant himself testified, he did not see the deceased at or near the middle of the street until within 20 feet of him, we fear the jury may have been misled by the charge as given.

In stating the degree of care required by both the deceased and the defendant when seeking to cross at the intersection, the court said to the jury:

"And both of these men had to use such care and caution as to both be free from negligence and if both were negligent and if the negligence of the plaintiff in any manner contributed to this accident then the plaintiff cannot recover."

He had theretofore properly instructed the jury that the defendant was guilty of negligence in the manner in which he approached the intersection. Defendant admitted that his car was traveling at the speed of at least 15 miles an hour and that he did not see the deceased until he was within 20 feet of him. The fact that defendant may have done all that a prudent, careful driver could have done to avoid the collision, after he discovered the deceased near the middle of the intersection, would not relieve him from liability for his negligence prior thereto, if such

prior acts of negligence were the proximate cause of the injury sustained by the deceased.

The judgment will be reversed and a new trial granted, with costs to appellant.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.