LUCK *v.* GREGORY.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EMERGENCY.

Where defendant's automobile went into ditch on right-hand side of road, and, in attempting to recover, he shot across center of highway and collided with plaintiff's car going in opposite direction, driver of plaintiff's car was guilty of contributory negligence if she saw or should have seen defendant's predicament in time to stop and avoid collision, and it is immaterial whether defendant's predicament was caused by his own negligence or that of third party.

2. SAME—TRIAL—INSTRUCTION.

Although court correctly instructed jury that if defendant's automobile was on wrong side of highway by reason of emergency, and if driver of plaintiff's car saw or should have seen danger in time to stop and prevent collision, then defendant would not be liable, whether emergency was caused by his own negligence or that of some other party, additional instruction that, if defendant got into place of danger by his

As to care required of one in sudden emergency, see annotation in 37 L. R. A. (N. S.) 43; 6 A. L. R. 680; 27 A. L. R. 1197.

own negligence, he would not be entitled to benefit of said doctrine, was reversible error.

3. NEGLIGENCE—PROXIMATE CAUSE—DEFINITION.
Proximate cause, in law of negligence, is such cause as operates to produce particular consequences without intervention of any independent unforeseen cause·without which injuries would not have occurred.

4. SAME—WHAT CONSTITUTES PROXIMATE CAUSE.
In order to constitute proximate cause, it must appear that injury to plaintiff was natural and probable consequence of negligence or wrongful act of defendant, and that it ought to have been foreseen, in light of attending circumstances.

5. MOTOR VEHICLES—ANTECEDENT NEGLIGENCE—PROXIMATE CAUSE.
Defendant's antecedent negligence, if any, in getting into ditch, held, not proximate cause of plaintiff's injury, since there were intervening acts between said negligence and said injury.

6. SAME—CONTRIBUTORY NEGLIGENCE.
Driver of plaintiff's car, who saw defendant's car in ditch and drove on, taking chance that he might get out all right, held, guilty of contributory negligence in so doing.
SHARPE, FEAD, and BUTZEL, JJ., dissenting.

ON MOTION FOR REHEARING.

7. NEW TRIAL.
Motion for rehearing is denied, and former opinion modified denying, instead of granting, new trial.
SHARPE, FEAD, and BUTZEL, JJ., dissenting.

Error to Jackson; Williams (Benjamin), J. Submitted October ·22, 1931. (Docket No. 175, .Calendar No. 35,837.) Decided April 4, 1932. Motion for rehearing submitted May 31, 1932. Decided September 16, 1932.

Case by Althea Louise Luck against Chan B. Gregory for personal injuries sustained in an automobile collision alleged to be due to defendant's negligence. Verdict and judgment for plaintiff. Defendant brings error. Reversed, and new trial ordered. New trial denied on rehearing.

*Bisbee, McKone, Wilson & King,* for plaintiff.

*Richard Price,* for defendant.

Potter, J.   Plaintiff sued defendant to recover claimed damages resulting from defendant's alleged negligent operation of his automobile.   From a judgment for plaintiff of $550, defendant appeals. July 27, 1928, defendant was driving westerly in an automobile on Michigan trunk line highway, M–60.   Plaintiff was riding in an automobile going east on the same highway.   Plaintiff alleges defendant was negligent in driving at a careless and imprudent rate of speed, having due regard for traffic and other conditions; driving at a speed greater than would allow him to stop his automobile in the assured clear distance ahead; driving on the wrong side of the highway; failing to give the automobile in which plaintiff was riding at least half of the main-traveled portion of the highway; failing to have his automobile under control; negligently driving his automobile against that in which plaintiff was riding; failing to drive his automobile with due regard to the safety of plaintiff; operating his automobile at an unlawful and immoderate rate of speed; driving his automobile in a wanton and wilful manner on the highway, and failing to stop his automobile before striking the automobile in which plaintiff was riding.   Defendant pleaded the general issue.   The pleadings gave little information as to the character of the collision or the manner in which it occurred.   Much of the testimony is conflicting.   Defendant claimed the driver of the automobile in which plaintiff was riding was negligent, and that her negligence contributed to the injury. Just prior to the collision between the two automobiles in which plaintiff was injured, defendant swung his automobile far over to the right side of

the road, he says for the purpose of avoiding being hit by another automobile, so that the right hind wheel of his automobile was in a ditch on the right-hand side of the highway. The driver of the car in which plaintiff was riding saw this situation, and that defendant was trying to get his car out of the ditch, and defendant claims she saw his predicament in time so she could have stopped, and in the exercise of due care should have stopped, and avoided the collision. Plaintiff claims that defendant, in order to get out of the ditch, cramped his car to the left so that, when the hind wheels of his automobile gained traction, it went across the center of the highway on to the left side thereof and into the right of way on which the plaintiff was riding, caus-, ing the collision.

There is no question but that just prior to the collision with the car in which plaintiff was riding defendant's car was in a place of danger from which defendant was seeking to extricate himself. The trial court charged the jury as follows:

"I charge you that when one is confronted with sudden peril, he is not required to exercise the coolness of judgment and care that a person would who was not confronted with danger, and is only required to act with that degree of care which an ordinarily prudent person would exercise if placed in such a position. To put it in another way; one who is suddenly put in peril is not imperatively required to do that which after the peril is ended it is seen he might have done and escaped. The law makes allowance for the fright and lack of coolness of judgment incident to such peril or danger.

"If either the plaintiff herself, Miss Luck, or the driver of the car in which she was riding, Miss Meyers, were negligent in anything they did or omitted to do after they saw the defendant's car bouncing and zig-zagging along the side of the road,

and such negligence contributed to bringing about this accident, the plaintiff cannot recover.

"An adult person, such as the plaintiff in this case, riding in a private car, cannot recover for injuries growing out of an accident to which the negligence of the driver of the car contributed, because in such a case the negligence of the driver of the car is imputed to the plaintiff who was riding with her.

"Even if you believe that Miss Meyers, the driver of the Chevrolet car, was on her own side of the road, that would not excuse her in driving forward if in doing so an ordinarily prudent person would understand and know that there was danger of coming into collision with the defendant's car.

"If you believe from the evidence that Miss Meyers, the driver of the Chevrolet car, in the exercise of reasonable care could have seen defendant's position in the road in time to have stopped her car and avoided the collision, but did not see the defendant's car until she got so close to it that she could not stop, then I charge you that she was guilty of negligence and the plaintiff in this case cannot recover, and your verdict should be for the defendant.

"So far as the duty imposed upon Miss Meyers and the plaintiff who was driving with her is concerned, it is of no consequence whether Mr. Gregory was forced over to the side of the road and got his car partly in the ditch through the negligence of Charles Luck, or got there through some other cause or circumstance. Miss Meyers and the plaintiff were bound to heed the situation as they saw it, if they did see it, and to conduct themselves as an ordinarily prudent person would under the circumstances."

This was a correct statement of the law. *Schnurr v. Railway,* 222 Mich. 591; *Gibbard v. Cursan,* 225 Mich. 311; *Myler v. Bentley,* 226 Mich. 384 (23 N. C. C. A. 859); *Bacon v. McKay,* 227 Mich. 667; *Don-*

*ker* v. *Powers,* 230 Mich. 237; *Nagi* v. *Railway,* 231 Mich. 452.

After the jury had deliberated for some time they came back into court and submitted a question in writing to the court, as follows:

"Did you make the statement in your charge to the jury, that a man in danger or peril was not to be judged as one not so exposed, or if a person in peril would be held accountable for being on the wrong side of the road as one would be under ordinary circumstances?"

The court again charged the jury in relation to this question, and, among other things, said:

"Now, if Mr. Gregory got in that position, if you find that it was an emergency, and he was in a place of danger, and you find that he got there by reason of his own negligence, then I will qualify the statements which I have made by saying in that event he would not be entitled to the benefit of that doctrine. But, on the other hand, if you find from the testimony in the case that he got there without negligence on his part, but through the negligence of someone else, as, for instance, the driver of the Maxwell car, Mr. Charles Luck, then the rule would apply."

Under the circumstances, it was entirely immaterial how the defendant got into a place of danger if he was in one. The situation as to the rights and duties of plaintiff and defendant were the same whether he was at fault or not, in getting the rear wheel of his automobile off the traveled portion of the road.

Defendant was in a place of danger after the rear wheel of his car went off the pavement into the ditch. Plaintiff claimed his getting in this position was due to his own negligence. When the rear wheel of defendant's automobile slid into the ditch, he could

have stopped, let his automobile stay there, and gone to get a "wrecker" or other assistance to bring the automobile back onto the pavement. Had he done this, and a collision had occurred while he was extricating the car from the ditch, it would have been clearly error to submit to the jury the question of defendant's negligence in getting into the ditch in the first instance as bearing upon his liability.

There must have been a causal connection between defendant's prior negligence, as a result of which he got his car into a place of danger, and the accident which occurred. Plaintiff's driver saw defendant in such place of danger. How defendant got in that place of danger was entirely immaterial. His being there was an objective fact, plainly discernible and clearly understandable—a condition which the driver of the car in which plaintiff was riding was bound to recognize and take notice of. Defendant's negligence in getting into the place of danger was of no consequence unless such negligence was a proximate cause of the injury to plaintiff. The distinction above made has been recognized and acted upon by this court. In *Bacon* v. *McKay, supra,* the rule of proximate cause was emphasized.

"The fact that defendant may have done all that a prudent, careful driver could have done to avoid the collision, after he discovered the deceased near the middle of the intersection, would not relieve him from liability for his negligence prior thereto, if such prior acts of negligence were the proximate cause of the injury sustained by the deceased."

In *Stoll* v. *Laubengayer,* 174 Mich. 701, this court approved the definition of proximate cause, in 21 Am. & Eng. Enc. Law (2d Ed.), p. 485, as follows:

"A proximate cause, in the law of negligence, is such a cause as operates to produce particular con-

sequences without the intervention of any independent unforeseen cause without which the injuries would not have occurred.''

In order to constitute proximate cause, it must appear the injury to plaintiff was the natural and probable consequence of the negligence or wrongful act of the defendant, and that it ought to have been foreseen, in the light of the attending circumstances. *Milwaukee, etc., R. Co.* v. *Kellogg,* 94 U. S. 469; *Stoll* v. *Laubengayer, supra.*

The injury to plaintiff was not the natural and probable consequence of defendant's negligence, if any existed, in permitting the hind wheel of his automobile to get off the pavement and into the ditch, nor is there any basis for an assumption defendant, even though he was negligent in permitting the hind wheel of his car to get off the pavement and into the ditch, ought to have foreseen plaintiff was likely to be injured by reason of such negligence.

Under the facts, defendant's negligence in getting into a place of danger in the first instance had nothing to do with the accident.

''When a particular consequence results from a wrong, it may be said that the wrong is the proximate cause of that consequence, unless there intervenes between the wrong and said consequence something which may properly be denominated a cause. If such cause intervenes, it may be said that the wrong of the defendant is too remote to be made the basis of an action. It is in such case a condition, and not a cause.'' *Iamurri* v. *Saginaw City Gas Co.,* 148 Mich. 27, 34.

See, also, *Stoll* v. *Laubengayer, supra.*

Defendant's claimed negligence in attempting to extricate himself from his perilous position may or may not have had some bearing upon the issue involved, but the fact his car was in the ditch was a

condition. His antecedent negligence in getting there could not contribute to the injury. The legal connection between defendant's claimed negligence, in getting off the traveled portion of the highway, and the injury, was broken. There intervened between such negligence and plaintiff's injury, his travel along the highway for a distance of 100 feet or thereabouts, with one wheel off the pavement, his attempts to extricate himself from that position, the manner and direction in which he operated his automobile, the fact his automobile gained traction on the solid roadbed, went out of the ditch and in so doing got into the line of travel of the car in which plaintiff was riding.

The first charge of the court as to defendant's accountability for his acts when in a place of danger is a correct statement of the law. The second charge conflicts therewith, and, we think, is an incorrect statement. In view of the closeness of the case, we cannot say this erroneous charge did not result in a verdict which would not otherwise have been rendered.

The driver of the automobile in which plaintiff was riding saw defendant's automobile in the ditch. Defendant was then seeking to extricate himself from his perilous position. She had ample time to stop and avoid a collision. Instead of doing so, she drove on, taking chances defendant might get out all right, and she could pursue her way in safety. She was guilty of contributory negligence in so doing. Judgment reversed, with costs. New trial ordered.

CLARK, C. J., and McDONALD, NORTH, and WIEST, JJ., concurred with POTTER, J.

BUTZEL, J. (*dissenting*). There was no error in the instructions given by the trial judge in stating

that there was no relaxation of the rule of care required of a driver when, through his own negligence, he met with an emergency. In the instant case, there was a question as to whether defendant was forecd into the ditch on the right side of the road or drove into it through his own carelessness. As a result, the rear hind wheel of the car ran into the ditch on the right side of the road. Defendant claims that he did not stop his car because he feared that the wheel might sink into the soft earth. The rate at which he was going is disputed. He admits that he proceeded for over 60 feet along the ditch. Plaintiff claims that he drove 106 feet before he drove back onto the road. In so doing, however, he drove to the wrong side of the road and into the pathway of plaintiff's car. The collision followed. Irrespective of whether any emergency arose or not, the instructions were correct and in accordance with the decisions of this court. In *Bacon* v. *Payne,* 220 Mich. 672, 679, we said:

"The rule of exoneration from negligence where the injured party acted in an emergency does not apply if his conduct is rash and reckless. That by carelessly keeping too close to the track in his haste Oliver voluntarily and recklessly exposed himself to an extreme risk, which plaintiff claims was caused by another's negligence, is evident. In *Cook* v. *Johnston,* 58 Mich. 437 (55 Am. Rep. 703), where the risk was taken to save property, the court held in substance (quoting from the syllabus) that:

" 'One who voluntarily exposes himself to evident risks caused by another's negligence cannot recover against the latter for bodily injuries resulting from such exposure even though the exposure was for the purpose of saving property or the life of an animal.' "

In *Walker* v. *Rebeuhr,* 255 Mich. 204, we quote with approval the law laid down in Huddy on Automobiles (8th Ed.), p. 359, as follows:

"One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence."

The judgment should be affirmed.

SHARPE and FEAD, JJ., concurred with BUTZEL, J.

### ON MOTION FOR REHEARING.

POTTER, J. The majority opinion herein, 257 Mich. 562, holds plaintiff guilty of contributory negligence. A new trial should not have been ordered, but denied. The order entered herein will be so modified and the motion for a rehearing denied.

CLARK, C. J., and McDONALD, NORTH, and WIEST, JJ., concurred with POTTER, J.

BUTZEL, J. For reasons stated in my dissenting opinion on the first hearing, I cannot concur.

SHARPE and FEAD, JJ., concurred with BUTZEL, J.