*In re* FERENCY.

HABEAS CORPUS—INSANE PERSONS—SUFFICIENCY OF ALLEGATIONS OF INSANITY.

    Writ of *habeas corpus* to obtain discharge of plaintiff from custody in which he is detained as alleged insane person, on ground of insufficiency of allegations of insanity in petition to probate court, on which order for his commitment was based, is denied by equally divided court (2 Comp. Laws 1929, § 6888).

*Habeas corpus* proceedings on behalf of John G. Ferency, an alleged insane person, against Thomas K. Gruber, superintendent of Wayne County Hospital at Eloise. Certiorari to Henry S. Hulbert, Wayne probate judge, to review proceedings for commitment. Submitted May 3, 1932. (Calendar No. 36,547.) Writ denied September 16, 1932, by an equally divided court. Rehearing denied March 2, 1933.

*William A. Look* (*Frank A. Martin,* of counsel), for plaintiff.

*Oscar A. Kaufman,* for defendant.

POTTER, J. William Look petitions for a writ of *habeas corpus* for the discharge of John G. Ferency from custody in an institution in which he was, at the time of the filing of the petition, detained in pursuance of an order of the probate court of Wayne county. An order to show cause was issued. A writ of certiorari has brought before us the papers in the proceedings relied upon to justify Ferency's detention.

The return to the writ of certiorari contains a copy of the petition filed in the probate court which constitutes the only jurisdictional foundation for the order for petitioner's incarceration. That petition recites:

"The following are the facts upon which the allegation of insanity is based, namely: Has attempted violence upon himself. Imagines other people are trying to harm him."

There is no direct charge of insanity. The portions of the petition quoted above contain the only reference thereto. The allegations of fact in the petition which was made, in this case, the foundation of the order of commitment of petitioner, which deprived him of his liberty, must be such as to leave no doubt the case falls within the statute. *In re Storick,* 64 Mich. 685. There are no sufficient facts detailed in the petition to justify the incarceration of petitioner. The allegations of the petition cannot be modified or amended by the voluntary *ex parte* conclusions of physicians. If petitioner was insane, the petition should have stated facts to support the allegation of insanity. 2 Comp. Laws 1929, § 6888.

In *Re O'Neil,* 239 Mich. 450, the petition alleged petitioner had strange fancies. It was said:

"The allegation of 'strange fancies' states no facts, but merely a conclusion, and, without the facts, might be inclusive of no more than freakish, eccentric, humorsome, or whimsical manifestations. The purpose of the statute is manifest. Facts must be stated. Such is the statutory mandate. Facts were not stated. This was jurisdictional."

We think the petition defective in that it does not charge sufficient facts upon which to base an order adjudging petitioner insane. He should be discharged.

NORTH, FEAD, and WIEST, JJ., concurred with POTTER, J.

SHARPE, J. In my opinion the averments in the petition that John G. Ferency was insane, that he "has attempted violence upon himself," and that he "imagines other people are trying to harm him," were sufficient to confer jurisdiction upon the probate court to proceed to a hearing. His commitment did not rest thereon. The reports of physicians were submitted and other proceedings had, as provided for in the statute.

The petition for *habeas corpus* will be dismissed.

CLARK, C. J., and McDONALD and BUTZEL, JJ., concurred with SHARPE, J.