# LOUISA AND FRED FOSTER v. GAMBLE-ROBINSON COMPANY AND OTHERS.[1]

April 7, 1933.

Nos. 29,234, 29,235, 29,250, 29,251, 29,286, 29,287.

[1]Reported in 247 N. W. 801.

*Cobb, Hoke, Benson, Krause & Faegre* and *Frank Janes,* for appellants George T. Serr and Gamble-Robinson Company.

*Orr, Stark, Kidder & Freeman,* for appellant Charles Gongell.

*B. W. Wilder, A. C. Johnston,* and *F. M. Miner,* for respondents.

LORING, JUSTICE.

Plaintiff Louisa Foster recovered a verdict against all of the defendants for damages on account of personal injuries received in a collision between the automobile in which she was riding and a truck belonging to the Gamble-Robinson Company. Her husband, Fred Foster, also recovered a verdict for expenses and loss of services due to the injury. Louisa will hereinafter be referred to as the plaintiff. All of the defendants moved for judgment notwithstanding the verdict or a new trial. Their motions were denied, and they have appealed from the orders denying their blended motions. Judgment was entered as against Charles Gongell, and he has appealed from the judgment.

About nine o'clock a. m. of February 27, 1931, the Gamble-Robinson Company truck, driven by George T. Serr, was traveling westward from Chaska on trunk highway No. 12. Four to six inches of snow had recently fallen, and the principal path in which vehicles had been traveling lay astride of the center line of the 20-foot pavement. On that morning the plaintiff was a passenger in the rear seat of an Essex touring car which was proceeding eastward along the same highway. The touring car was traveling not to exceed 20 to 25 miles per hour, and the truck about the same speed. Plaintiff says it was slushy and slippery that morning, and it is apparent from the record that both drivers were proceeding with caution on that account. When they arrived within about three ordinary blocks of each other each swung away from the center to the right side of the pavement, and each maintained that position until just before the accident. Gongell was driving the Essex, and apparently he swung too far to the right; at least his rear wheel went off

the pavement. Gongell himself says that he does not know whether he drove outside of the pavement because he could not tell where the edge of it was on account of the snow; that he at all times had control of his car until immediately before the accident, when it suddenly swung almost at right angles to the left and immediately in front of the approaching truck. The driver of the truck had slowed down to about 15 miles per hour and swung sharply to the left in an endeavor to miss the Essex car, but caught it at the right rear end with the right-hand end of his front bumper, swinging it sharply around and also swinging his truck to a position practically at right angles across the pavement. In this process the rear of the truck skidded in a circular swing for about 12 to 15 feet. The tracks of the Essex indicated that the rear end of the car had swung off the pavement and had got into a rut which was sometimes close to the edge of the pavement and sometimes as far as a foot away from it. Gongell succeeded in getting his car back onto the pavement, when it again swung off to the right, this time going only a few feet before it swung hard to the left and in front of the truck.

The question presented here is whether there was any evidence of negligence on the part of Serr, the driver of the Gamble-Robinson truck, or whether as a matter of law he was free from fault. All parties are agreed that there was sufficient evidence of negligence on the part of Gongell to go to the jury and that the verdict as to him should stand. It is here contended by the plaintiffs and by the defendant Gongell that Serr should have immediately stopped his truck upon seeing Gongell swing partly off the pavement and that his failure to do so constitutes such evidence of negligence that the jury might find him liable with Gongell for the plaintiff's injuries. It is admitted that up to the time when the collision was imminent each car was on its right side of the center line of the pavement and that had each continued in the direction in which it was then going they could safely have passed. There was no ice upon the pavement, but the fresh snow affected to some extent the distance within which a car might safely be stopped. The testi-

mony in the record with reference to the management of the truck consists of Serr's cross-examination under the statute, together with some redirect and some testimony upon his being recalled in his own behalf. No witness testified differently in regard to the management of the truck; and in his testimony Gongell does not seem to blame the truck driver for any mismanagement. Serr says he saw the rear end of the Essex sway and in consequence slowed down, and then when it suddenly swerved in front of him gave his brakes a full application and swung sharply to the left. There is no dispute as to this. Mrs. Foster says that the Essex car commenced "zigzagging," as she expresses it, a block or a little more away from the truck and that it continued to do so; but her further testimony clearly indicates that by "zigzagging" she meant that it swung to the right and left only two or three times altogether. The rut which it made or into which it swung quite clearly indicated that the rear of the car first swung off the pavement, then on again, and then off for a very short distance before it swung sharply to the left. The car had been used that morning on dirt and gravel roads and was equipped with chains, and consequently its tracks were quite clear to witnesses who described them as they appeared immediately after the accident.

In our opinion the evidence most favorable to the plaintiff was insufficient to show any conduct on the part of the driver of the truck which indicated negligence on his part. The driver of ordinary prudence would have done just as Serr did. He had a right to assume that Gongell would manage his car with ordinary prudence and that if his rear wheel was off the pavement he would continue straight on at the very moderate speed at which he was going and stay completely clear of the side of the pavement upon which Serr was traveling. Until just the moment of the collision Gongell succeeded in keeping his car entirely on his side of the pavement and well over towards the outside edge. Reduction of speed by Serr to 15 miles per hour is, in our opinion, the conduct of a man of ordinary prudence. It would have been the exercise of extraordinary care to stop the truck as soon as Serr saw Gongell

so slightly over the edge of the pavement. Certainly Serr could not anticipate that Gongell, when so closely in front of the truck, would swing it upon the pavement with a motion so violent as to swerve it to the left and completely over onto the wrong side of the road. Both the plaintiff and the defendant Gongell cite the case of Luck v. Gregory, 257 Mich. 562, 241 N. W. 862, 244 N. W. 155, upon the question of Serr's negligence. In that case, however, the car which went off the pavement swung into the ditch, and it was evident that the occupants thereof were in a place of danger and endeavoring to swing the car out of the ditch and onto the highway; whereas in the case at bar there was an ample shoulder, level and broad enough to accommodate Gongell had he gone straight on, as a man of ordinary prudence would have done and might be expected to do under the circumstances presented here.

The orders denying judgment notwithstanding the verdict as to Serr and the Gamble-Robinson Company are reversed and the cases remanded with directions to enter judgment in their favor. The judgments against Gongell are affirmed.

DIBELL, Justice (dissenting).

I do not think it appears as a matter of law that Serr, and by consequence Gamble-Robinson Company, were without negligence. Serr had a view of the car of Gongell far ahead of him; and when it was far enough away so that he could avoid an injury he saw that it was zigzagging and was in trouble; at least the jury was justified in finding so. It might well enough have found that Serr was free of negligence and Gongell alone negligent; but it did not. It was not required to find that Serr was not negligent, and upon sufficient evidence found that he was negligent. Judgment notwithstanding should not be ordered here against the two defendants. Therefore I dissent.

WILSON, Chief Justice (dissenting).

I concur in the dissent of Mr. Justice Dibell.