# ELEANOR SPATES v. HARRY S. GILLESPIE AND ANOTHER.[1]

February 9, 1934.

No. 29,651.

*Rosemeier & Montague,* for appellants.

*Austin & Wangensteen,* for respondent.

[1]Reported in 252 N. W. 835.

*DEVANEY, Chief Justice.*

Action brought by plaintiff to recover damages for certain injuries received in an automobile collision. The action proceeded against both defendants, joint owners of the automobile concerned in this case. The issues of defendants' negligence and plaintiff's contributory negligence were submitted to the jury, who returned a verdict for plaintiff. The collision occurred on highway No. 1 just north of Moose Lake, Minnesota, on March 18, 1932. Plaintiff was driving a Plymouth car, owned by a Miss McDougall, in a southerly direction. Defendants were driving a Viking car in a northerly direction. While the cars were yet a considerable distance apart (one-half to two blocks) the left rear tire on plaintiff's car blew out, causing the car to swerve and to proceed partly out of control for some distance (50 to 60 feet) after which it came to a stop at a point near the center line on the highway. While in that position on the highway defendants' car came into violent collision with plaintiff's car, the left front end of each car striking the other. Testimony as to the speed of the two cars just before the accident is in sharp conflict, but it appears without contradiction that shortly before the collision defendants' car was traveling at a speed of approximately 45 miles per hour. The court, under instructions to which no exception is noted, submitted the questions of negligence, contributory negligence, and proximate cause to the jury. From an order of the court denying the usual blended motion for judgment notwithstanding or for a new trial defendants appeal.

Defendants' assignments of error raise but two questions for determination here: (1) Were defendants negligent? (2) Was plaintiff guilty of contributory negligence as a matter of law?

■ Was the evidence most favorable to plaintiff insufficient to show any conduct on the part of defendants which indicated negligence? It is unnecessary to elaborate upon the rule of law that this court will interfere on appeal only in those cases where there is no evidence reasonably tending to sustain the verdict or where it is manifestly and palpably against the weight of the evidence. Here there was a clear conflict in the evidence upon material issues.

We must therefore regard the evidence most favorable to plaintiff's contention and ascertain if from that viewpoint there is credible evidence sufficient to sustain the jury's finding that defendants were negligent. Having an eye to the evidence supporting plaintiff's claims and examining the testimony of the ten actual witnesses of the collision, we find no possibility of reconciling the sharply conflicting testimony. Bearing on the speed of the cars in question, the most favorable view of the record supports the conclusion urged by plaintiff that defendants' car was traveling at a negligent rate of speed under the circumstances. The testimony indicated that immediately before the impact, while plaintiff's car was moving through a distance of 50 feet, defendants' car traveled approximately 400 to 500 feet; that defendants' car after the impact traveled 90 to 150 feet before coming to rest; that plaintiff's car traveling south was carried north by the impact and swung around one and one-half times. Admittedly defendants' car was traveling at a speed of approximately 45 miles per hour just before the accident, but it is claimed that immediately before the impact the speed was somewhat reduced. However, the brakes were not applied, and from the facts above recited as well as the physical facts the jury might have concluded that defendants' car was traveling at an excessive and negligent rate of speed under the circumstances and without due regard to the traffic, surface and width of the highway, and other conditions then existing. 1 Mason Minn. St. 1927, § 2720-15 (a).

Again, there is credible testimony to sustain the view that the driver of defendants' car from a distance of at least 300 feet observed that plaintiff's car was in distress, that there was present the possibility of collision, and yet continued forward when admittedly he could have brought his car to a stop. The failure of the driver of defendants' car, under the circumstances recited, to place the car under control or so to manage the same as to avoid the impending collision clearly presented a question of fact for the jury as to defendants' negligence. In Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 195, 206 N. W. 377, a case almost directly in point, the court said:

"Defendant's speed at street intersection, failure to stop or materially to reduce speed or to turn the truck in order to avoid a collision, presented a jury question as to the defendant's negligence."

Defendants earnestly urged that there was nothing in the movement of plaintiff's car to indicate to a reasonably prudent man the necessity for doing anything to slacken the speed or to place their 'car under control. Defendants cite the case of Foster v. Gamble-Robinson Co. 188 Minn. 552, 247 N. W. 801, to support the contention that they were without negligence. The cases are dissimilar in at least three vital particulars: (a) In the Foster case there was no advance notice of the distress; here the fact that plaintiff's car was in trouble was known to defendants while the cars were several hundred feet apart. (b) In the Foster case the plaintiff's car just before the accident suddenly swung almost at right angles to the left and immediately in front of the approaching truck; here there is evidence that the plaintiff's car did not cross the center line of the highway and that the collision occurred close to the center of the road. (c) The driver of defendant's truck in the Foster case gave the brakes a full application and swung sharply to the left in an endeavor to miss the car; here there was testimony that the driver of defendants' car took no such precautions and made no such effort. A further distinction between the Foster case and the case at bar is unnecessary. It is enough to say that there was here credible evidence to sustain the jury's finding that defendants were negligent.

■ Defendants contend that even if their negligence be proved, plaintiff was as a matter of law guilty of contributory negligence and therefore should not recover. Defendants urge that plaintiff was knowingly driving a car on which there was a defective tire and that it was negligence as a matter of law to proceed on a well traveled highway with a known defective tire. There is in the record testimony that plaintiff, who was at the time of the collision driving the McDougall car, did not know of the condition of the tire and that she had confidence that the tires were all right. The facts as to the condition of the tire and the negligence, if any, of

plaintiff in connection therewith was peculiarly one for the jury under proper instructions from the court.

Defendants further urge that at least a portion of plaintiff's car had crossed the center line and therefore she was driving in violation of 1 Mason Minn. St. 1927, §§ 2720-9, 2720-11, and has the burden of proving excuse or justification.

Here the plaintiff's testimony was ample to raise the question of adequate excuse or justification for driving to the left of the center line if such were the case. Under proper instructions, that fact was for the jury. The question of excuse or justification was properly submitted to the jury under a clear instruction on the correct rule of law, and the finding of the jury on that point will not be disturbed.

Defendants' claim that the verdict is not justified by the evidence and is contrary to law has been disposed of by what we have already said.

There was in this case such a sharp conflict in the testimony as to warrant the jury in finding for either the plaintiff or for the defendants. That different persons might reasonably draw different conclusions from the evidence cannot be doubted. It is not the province of this court to reconcile conflicting evidence or to settle doubts arising therefrom.

The verdict was not manifestly and palpably against the weight of the evidence, and there was ample evidence reasonably tending to sustain it. The instruction properly submitted the issues. The verdict must stand.

Affirmed.

*STONE, Justice,* took no part.