## LOUIS HOFFMAN AND SABINA HOFFMAN, PLAINTIFFS, v. ROSE SMITH, JAMES SMITH AND HARVEY APGAR, DEFENDANTS.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Feinberg & Feinberg*.

For the defendants, *William B. Stites* and *Furst & Furst*.

PER CURIAM.

This action arises out of a collision between two automobiles in Plainfield on May 6th, 1926. The plaintiff Sabina Hoffman was a passenger in the car of defendant Smith, driven by the defendant Rose Smith, and moving westerly on Fifth street, Plainfield, about seven-thirty A. M. This car collided with a Maxwell car owned and driven by the defendant Apgar, which was going south on the westerly side of Park avenue and about to cross Fifth street. The suit is against Apgar and also against Mrs. Smith and her husband, as to which last there was a nonsuit which does not now concern us. Much of the evidence in the case was directed to the question whether Mrs. Smith was at fault or Apgar was at fault or both were at fault. The court sent the case to the

jury in both aspects' and the jury found a verdict in favor of both the defendants.

We are unable to see how this verdict can stand. The plaintiff Mrs. Hoffman was a mere passenger in the Smith car, having no responsibility with respect to its management and, consequently, could not be charged with contributory negligence except on the theory, usually very tenuous in cases of this kind, that there was something that she might have done as the accident became imminent to preserve her own safety. So far as respects the negilgence of the several defendants, it is, of course, fairly clear that when an accident of this kind happens, one or the other or both of the drivers of the automobiles are fairly to be charged with negligence, and a verdict in favor of both of them at the hands of the jury can reasonably be accounted for on no other theory than that the jury were unable to make up their minds as to which one of the two defendants was responsible and compromised by finding the plaintiff enttiled to recover as against neither. We may say from our examination of the evidence that whether or not Apgar was liable, there was considerable evidence to indicate the liability of Mrs. Smith, who was driving an eight-cylinder high-speed car, admits that she saw the Maxwell coming down the street from her right, in which direction it would probably have the right of way, and that she speeded up and attempted to get across ahead of it. All this, however, must be settled by another jury; we cannot undertake to determine the liability on this rule, but content ourselves with pointing out the foregoing testimony as an indication that when the jury absolved both defendants they clearly went outside of their province.

The rule to show cause will be made absolute.