# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡

### R. A. SUTTON v. R. TYLER BLAND, ADMINISTRATOR OF GERTRUDE POND, DECEASED

### and

### W. R. REED v. R. TYLER BLAND, ADMINISTRATOR OF GERTRUDE POND, DECEASED.

March 12, 1936.

Present, All the Justices.

The opinion states the case.

*Denny & Valentine, J. D. Mitchell* and *R. Westwood Winfree,* for the plaintiffs in error.

*Sinnott & May,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

R. A. Sutton, and W. R. Reed, while passengers in an automobile owned by Mrs. Gertrude Pond and driven by Mrs. Ada Burton, were injured when the car turned over on a North Carolina highway. Mrs. Pond was killed in the accident. Sutton and Reed instituted separate actions against Mrs. Pond's administrator to recover damages for their injuries. This writ of error challenges the correctness of the lower court's action in striking the evidence in the two cases which were tried together.

The two plaintiffs, Sutton and Reed, were the only surviving eyewitnesses to the accident who testified. It appears that on the early morning of January 1, 1934, Sutton, Reed, Mrs. Burton and Mrs. Pond left West Point, Virginia, in Mrs. Pond's 1933 Chevrolet coach, bound for Deland, Florida, to render assistance to Mrs. Pond's son who was in jail at the latter place. Sutton was the brother

of Mrs. Pond and Mrs. Burton. Reed was Mrs. Pond's pastor.

When the parties left West Point it was raining, the roads were slippery and a high wind was blowing. This condition continued throughout the trip.

Sutton drove from West Point to the outskirts of Richmond where he turned the wheel over to Reed. The latter drove through Richmond, thence to Petersburg and on to Dinwiddie. Mrs. Burton drove continuously from Dinwiddie to the point of the accident in North Carolina, about one hundred yards south of the Virginia line.

Shortly after Mrs. Burton began driving Mrs. Pond suggested that, perhaps, they were not making sufficient time. Thereupon Reed remarked that he had noticed that while he was driving the car quivered when it reached fifty-five miles per hour. Accordingly Mrs. Burton did not attempt to make any such speed. Sutton, who was seated in the rear of the car with Mrs. Pond, paid no attention to the manner in which Mrs. Burton drove. Reed, who occupied the front seat beside Mrs. Burton, testified that she drove carefully and not at an excessive speed. While he noticed that at times she drove close to the right-hand edge of the concrete and, on three occasions, actually ran on to the dirt shoulder, yet each time the car returned to the pavement without trouble. Except for the casual remark from Reed to Mrs. Burton that the shoulders were thawing and might be soft, no attention was paid by the occupants to these incidents or to the manner of driving.

Shortly after crossing the North Carolina line, and while proceeding at a speed of about forty-five miles per hour down a four and one-half per cent grade which ended in a curve to the left, the right wheels of the car again ran off the concrete on to the dirt shoulder. After running safely along the shoulder for a short distance Mrs. Burton attempted to bring the car back to the concrete. In doing so the rear wheels skidded to the right, the car went across the road to the left and down an embankment. It afterwards appeared that the concrete was slippery on account

of a slight layer of dust which had not been washed away by the rain. All of the occupants were injured, Mrs. Pond so seriously that she died within three hours.

The lower court sustained the defendant's motion to strike the evidence which was based on three grounds, namely:

(1) That the evidence failed to show that the defendant was guilty of any actionable negligence. (2) That the plaintiffs were guilty of contributory negligence. (3) That all of the occupants of the car were engaged in a joint enterprise; that Mrs. Burton, the driver, was the agent of both the plaintiffs and Mrs. Pond, and hence the driver's negligence, if any, was imputable to the plaintiffs as well as to Mrs. Pond, and barred a recovery.

In view of the conclusion reached it will not be necessary to consider the suggested joint enterprise of the occupants of the car. The two other defenses will be discussed in the order named.

In North Carolina, where this accident happened, ordinary negligence will support a recovery in favor of a guest against his host. *Cates* v. *Hall,* 171 N. C. 360, 88 S. E. 524; *Baise* v. *Hollifield,* 158 Va. 498, 503, 164 S. E. 657; *Clark* v. *Parker,* 161 Va. 480, 485, 171 S. E. 600. We must apply that principle of the *lex loci* here. *Baise* v. *Warren,* 158 Va. 505, 508, 164 S. E. 655.

Was Mrs. Burton guilty of actionable negligence? She, herself, did not testify. The plaintiff, Sutton, knows nothing of the immediate accident. He says that he was talking to his sister, Mrs. Pond, seated by him, and "really was not watching what was going on particularly." He did not recall whether the car had previously run off the concrete, he did not notice the hill or the curve ahead. His first impression of danger was the warning cry of Mrs. Burton.

Reed does not say that Mrs. Burton was negligent. On the contrary, he admits that her "general driving, general operation of the car the whole distance" was "very careful." She never approached the speed of fifty-five miles

per hour attained by him when he drove, and when he noticed that the car began to quiver. According to his further admission, "it didn't occur" to him that her speed at the time of the accident was "excessive." Apparently it did not occur to him, as he was seated by the driver and watching the speedometer (as he said), that her speed or manner of driving was such as to require a protest from him.

Nor can it be said that the mere fact that the car ran off the pavement on to the shoulder was negligence. In *Boggs* v. *Plybon,* 157 Va. 30, 39, 160 S. E. 77, 81, this court said, through Mr. Justice Holt, "It is not *per se* negligence for the outside wheel of any automobile traveling at a reasonable rate, to run off the macadam. Indeed it is an every-day occurrence."

According to Reed the car ran safely along the shoulder, which did not give away, for a distance estimated by him at from "fifty feet" to "one hundred yards" (*sic*). There is no evidence that Mrs. Burton was negligent after she ran on the shoulder.

The circumstances here are quite similar to those in *Tarrall* v. *Tarrall,* 161 Va. 663, 171 S. E. 500, in which this court dealt with another accident occurring in North Carolina. There the car, while descending a grade ending in a curve, turned over injuring a passenger. There, as here, the plaintiff himself testified that the car was not being operated negligently. We held that the evidence did not show that the driver was guilty of any actionable negligence. The same is true here.

But even if it be assumed that there was sufficient evidence to go to the jury on the question as to whether Mrs. Burton was guilty of actionable negligence, yet we think the plaintiffs cannot recover because they were clearly guilty of contributory negligence. This accident happened in the daytime, shortly before noon. The parties left West Point at about six o'clock in the morning, in the midwinter, in the rain, with a high wind blowing, on a trip from Virginia to Florida. The plaintiffs were

adults in the full possession of their faculties. They were intelligent. Sutton was a deputy sheriff of his county. Reed was a minister. Each had in turn driven the car a short time prior to the accident. Reed even knew the exact speed at which the car would quiver in the wind. When Sutton was at the wheel from West Point to Richmond he drove slowly, no doubt, realizing the danger. He made no protest when Reed drove at fifty-five, and when Mrs. Burton drove at forty-five miles per hour. Both knew the conditions—the wind, the rain, and the width and condition of the pavement. Both knew the topography of the land over which the highway ran, and described it in detail at the trial. In short, both plaintiffs knew as much as the driver, Mrs. Burton, and more than Mrs. Pond, who had not driven at all during the day, and whose administrator is the defendant here. And yet with full knowledge of these conditions, not once in the vicinity of the accident was protest or complaint made as to the speed of the car or the manner of its operation. And be it remembered that Reed was sitting on the front seat next to the driver, saw the grade which the car was descending with the curve at the foot, and saw the speed at which the car was proceeding. In fact, he says he actually had his eyes on the speedometer. What was apparent to the driver was likewise apparent to him. And yet he made no protest. It thus clearly appears that both plaintiffs acquiesced in the manner in which Mrs. Burton drove. See *Young* v. *Dyer*, 161 Va. 434, 440, 170 S. E. 737.

Since the evidence was insufficient to support a verdict in favor of the plaintiff in either case, the trial court committed no error in striking it. The judgment in each case will be affirmed.

*Affirmed.*