DE FOREST v. SOULES.

1. APPEAL AND ERROR—INSTRUCTIONS—AUTOMOBILES—EMERGENCY—NEGLIGENCE.

In action arising out of collision between plaintiff's car and defendants' truck and trailer on a curve part way down a hill as defendants' vehicles were jack-knifed because of unusually slippery condition due to deposit of blue clay on the gravel, defendants *held*, entitled to have jury instructed that if a driver, without any fault on his part, is confronted by an emergency or a condition in the highway that was neither known, nor reasonably ascertainable through the exercise of ordinary care, and that if trailer thus started to skid across the slippery highway, driver and his employer would not be guilty of actionable negligence merely because driver failed to adopt what subsequently might appear to have been a better method.

2. SAME—INSTRUCTIONS—SLIPPERY CURVE ON HILL.

In action arising out of collision between motor vehicles on a curve part way down a hill due to skidding of descending truck and trailer on spot of blue clay, refusal to give instruction that when an automobile unexpectedly skids upon a slippery or greasy road through no fault of the driver who does not know or has no reason to anticipate the dangerous condition at that particular place he is excused from failure to comply with statute requiring him to keep to the right side of the road *held*, error (1 Comp. Laws 1929, § 4703).

3. NEGLIGENCE—EMERGENCY—STATIC PHYSICAL CONDITION.

Emergency, relieving motorist of liability for damages because it subsequently appears another method would have been better, may arise from a static physical condition.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 15, 1936. (Docket No. 111, Calendar No. 39,135.) Decided December 28, 1936.

Case by Jesse De Forest against Stanley Soules and Star Transfer Line, a Michigan corporation,

for damages for personal injuries sustained in a motor vehicle collision on a curve. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Meggison & Menmuir,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal* and *Pierce & Planck* (*Phil Johnson,* of counsel), for defendants.

Butzel, J. On the afternoon of August 23, 1934, a trailer attached to a truck, driven by defendant Soules and belonging to defendant Star Transfer Line, crashed into a car owned and driven by plaintiff. The collision occurred approximately a mile and a quarter northwest from the village of Central Lake, Michigan, at the sharp curve on highway M-88 half-way down a hill about a mile long. Plaintiff had driven his car slowly about half-way up the hill and when he came to the curve and saw the approaching truck, he drove to the extreme right of the road and evidently brought his car to a stop. The testimony is conflicting as to the rate of speed at which defendant driver was driving, whether he remained on his right side or not and whether it was more slippery at this curve than at other points along the road. It had been raining intermittently during the day, and the road was muddy and slippery owing to a blue clay deposit on the gravel. At the curve the road was dished and banked, the outer or southwesterly edge being about three feet higher than the inner or northeasterly edge, the dish starting about eight feet from the outer or southwesterly edge.

Defendants claimed that the road was more slippery and greasy at the curve or dish because of a

deposit of blue clay that had been washed down from the hill to this particular point by the rain. One witness stated that the road was so slippery at the curve that he had difficulty in standing on it.

Defendant driver testified that he drove the truck down the hill at a reasonable rate of speed, slowed down as he came to the curve, and remained on the proper side, when suddenly the trailer skidded and "jack-knifed," owing to the unusual and unforeseen slipperiness of the road. Plaintiff's car was practically destroyed by the impact and plaintiff sustained very severe injuries. Defendant driver had been over the road before, but he claims that he did not know or have reason to anticipate the unusually slippery condition at the curve and that he thus met with an emergency which caused the accident. Defendants presented numerous requests to charge in reference to the law of the case. While some of them were properly refused, defendants were entitled to have the jury instructed that if a driver is confronted by an emergency or a condition in the highway that was neither known, nor could have been known through the exercise of ordinary care, and that if the trailer thus started to skid across the slippery highway, defendants would not be guilty of negligence merely because the driver failed to adopt what subsequently or upon reflection might appear to have been a better method, provided, however, that the emergency did not arise through the driver's negligence.

Defendants were entitled to an instruction, as requested, that when an automobile unexpectedly skids upon a slippery or greasy road through no fault of the driver, who does not know or has no reason to anticipate the dangerous condition at the particular place in the road, the latter may be ex-

cused from failure to comply with the statutes requiring a driver to keep to the right side of the road.* *Leonard* v. *Hey*, 269 Mich. 491 (37 N. C. C. A. 111); *Paton* v. *Stealy*, 272 Mich. 57. A static physical condition may constitute the basis for application of the emergency doctrine when it arises as it did in this case. *Walker* v. *Rebeuhr*, 255 Mich. 204; *Clise* v. *Prunty*, 108 W. Va. 635 (152 S. E. 201); *Mellor* v. *Heggaton*, 205 Wis. 42 (236 N. W. 558).

The court in its charge did present the claims of the defendants that the truck, without fault on the driver's part, skidded or slewed across the center line of the highway against the automobile of plaintiff and stated that it was for the jury to determine whether defendant driver was driving his truck on the wrong side of the highway and also how and why the accident happened. He further stated that accidents frequently happened on the highways for which no one could be held responsible either legally or morally and that it was the claim of defendants that the proximate cause of the injury was the condition of the highway, the manner of its construction and the blue clay which had rendered it slippery following the rain. The court thus set forth the claims of defendants, but it was reversible error to fail or refuse to instruct the jury as to the law applicable to the claims made by defendants as brought out by the evidence. Under the circumstances, we must reverse the judgment, with costs to defendants, and remand the case for a new trial.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.

---

* See 1 Comp. Laws 1929, § 4703.—REPORTER.