## SULLINS v. PACE.
### No. 13865.

Court of Civil Appeals of Texas. Dallas.
Feb. 20, 1948.

White & Yarborough, of Dallas, for appellant.

Edward C. Fritz, of Dallas, for appellee.

BOND, Chief Justice.

This appeal involves merely the sufficiency of evidence to raise the issues of "unavoidable accident" and "new independent cause," submitted to the jury by the court in special issues in determining the liability of the appellant, defendant in the court below, for negligently operating his automobile to cause it to collide with appellee's automobile.

The issue of "unavoidable accident" as submitted, erroneously placed the burden of proof on the defendant, when same, under the guiding authority of the Supreme Court, should have been placed on the plaintiff. The defendant raised the issue of "unavoidable accident" in his answer to plaintiff's petition, pleading that if plaintiff was not negligent in failing to signal a warning of his intention to stop, then, in that event, the accident was unavoidable and defendant not guilty of any acts of negligence. The term "new independent

cause" was employed in the court's charge in defining "proximate cause" to mean "that cause which in its natural and continuous sequence, or unbroken by *any independent cause,* produces a result that would not have occurred but for such cause, and which result, or some like result, ought, reasonably to have been anticipated or foreseen in the light of the attending circumstances." (Italics supplied.) The trial court refused to enlarge its charge by giving a definition of the term "new independent cause." If the evidence raised either of the foregoing issues submitted, a reversal of the judgment of the court below must necessarily follow; otherwise, affirmed.

■ In appellant's brief to this court, he challenges our consideration of the Statement of Facts brought up by appellee in supplemental transcript to determine the issues, thus contending that the issues here involved are determinable on legal presumptive evidence arising from acts of the trial court in submitting the issues in support thereof. On July 15, 1947, appellant filed in this court transcript of the record without statement of facts; subsequently, on July 24, 1947, and within the statutory period for filing of transcripts in this court, appellee filed a supplemental transcript including statement of facts approved by the trial court. Under Rule 390, Texas Rules of Civil Procedure, either or both of the parties to an appeal, within proper time, may file transcripts; and when both parties, as here, file transcripts, one supplemental to the other, both should be regarded by the court as transcripts of the record in the case. From appellee's transcript it appears that the case was tried without an official court reporter taking down the testimony in shorthand; hence the court prepared a statement of facts in narrative form and, after hearing, all parties being present, filed and recorded the statement of facts presented here as a part of the record in this cause. We think the procedure thus adopted by the trial court and the statement of facts approved by the court properly present the evidence for our consideration. Rule 377, Id.

The facts show that collision occurred on a paved street in the City of Dallas, in the daytime, about 7:15 A. M. Appellee testified that as he was approaching an intersecting street in his automobile, he saw, in front of him, about two blocks away, a line of automobiles stopped, waiting to cross the intersection; that, when he saw the line of cars, he began to slow down, gradually came to a full stop at the back end of the line of cars; that prior to and when making the stop, he gave the hand-stop-signal by extending his left arm out the window and downward; that after coming to a complete stop, he saw, at least a block behind him, the defendant's automobile through the rear view mirror in his car; and that, in about six or more seconds thereafter, the defendant's automobile came up, ran into the rear of his car, resulting in injury to him and damage to his automobile. Appellee's testimony was substantially corroborated by a Mr. Tanner who, at time of the collision, was sitting in the back seat of appellee's automobile.

■ Appellant Sullins, the sole witness for himself, testified "that he was following two or three hundred yards behind plaintiff at the time and on the occasion above, at a speed of thirty miles per hour. That he could see plaintiff's automobile at all times, that he could see the line of cars stopped in the street ahead of plaintiff for at least one block away, that plaintiff came to a sudden stop in front of him, that he did not see plaintiff give any hand signal, that he put his foot on the brake pedal immediately before the collision, but not in time for the brakes to catch hold, and that he ran into the rear of plaintiff's stopped automobile at thirty miles per hour, the same speed at which defendant had theretofore been traveling." We think that this evidence does not raise the issue of "unavoidable accident" or present a "new independent cause"; and that the erroneous submission of "unavoidable accident", and the failure of the court to define the term "new independent cause," show no reversible error.

■ "An unavoidable accident is one which is not occasioned, in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means

suggested by common prudence, it was not unavoidable." Such is the definition of the Commission of Appeals, approved by the Supreme Court, in Dallas Ry. & Terminal Co. v. Darden, 38 S.W.2d 777. In the light of the definition, we think the evidence shows, as found by the jury, that the appellant was driving at a negligent rate of speed, that he had time to apply his brakes immediately prior to the collision, but failed to do so; and that the appellant failed to keep a proper lookout. The evidence of such negligent driving by appellant establishes the fact that the collision in question was not occasioned by any unavoidable circumstances, and such does not support the issue of unavoidable accident. In the Darden case, above cited, the collision occurred between a street car and an automobile, in broad daylight, when the automobile pulled out of a parking place and the street car ran into it. The court stated that the accident was bound to be the fault of one party or the other and that therefore the issue of unavoidable accident was not raised. In that case the trial court placed the burden of proof of unavoidable accident on the defendant, but the court held that the error was immaterial, in that the issue was not raised by the evidence. So, in the case at bar the accident was bound to be the fault of appellee's failure to give warning of his intention to stop in time to give those behind him an opportunity to stop their automobile, or the fault of the appellant in failing to stop, look, slacken his speed, or apply his brakes. The jury found appellant guilty of negligence in these respects. It will be seen that there is no evidence of such congestion of traffic, or the existence of any obstacle that might have obstructed Mr. Sullins' view of appellee's car; and no reason whatever is shown why he did not apply his brakes, slacken his speed and stop in time to avoid the collision. The line of automobiles stopped in front of plaintiff's car was not, and could not be a cause for appellant's failure in the respects above noted. The issue of unavoidable accident is not raised where there is no evidence tending to prove that the injury resulted from some cause other than the negligence of one of the parties. See Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W. 2d 944, 97 A.L.R. 1513; Hyde v. Marks, Tex.Civ.App., 138 S.W.2d 619; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Texas & Pacific Ry. Co. v. Day, Tex.Sup., 197 S. W.2d 332; Wichita Falls Traction Co. v. Craig, Tex.Civ.App., 250 S.W. 733.

■ Then, too, we think the evidence does not present a situation as to call for the submission of "new independent cause," in the definition of "proximate cause." There was no other cause that could, either directly or remotely, cause the accident, other than the negligence, omission or commission, of one or both of the parties involved. A "new and independent cause" is defined in the case of City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521, 523, as meaning "the act or omission of a separate or independent agency, which destroys causal connection between the negligent act or omission of defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury." The collision in question here, occurred on a busy street; there was a line of cars up ahead of the automobiles of the parties. The only effect of such situation was to put defendant on notice that he would have to exert care in his driving. The traffic in no way destroyed the causal connection between the negligence of the appellant and the injury complained of. The facts in this case show conclusively that there is no support for appellant's contention that some factor, or agency other than his negligence contributed to the collision; hence, if the evidence does not support the issue of "new independent cause," then it was not error for the court to include the term in defining "proximate cause," and enlarging the term by defining its meaning. In McDaniel Bros. v. Wilson, Tex.Civ.App., 45 S.W.2d 293, 296, it is related that even though the trial court used the term "'new independent cause'" in the definition of "proximate cause," the failure to define that term was not reversible error. See also J. Lee Vilbig & Co. v. Lucas, Tex.Civ.App., 23 S.W.2d 516 (writ dis.).

The judgment of the court below is affirmed.