16 N.J. Super. 87 (1951)
83 A.2d 783
MABEL HODGSON AND MABEL B. HODGSON AND JOHN H. HODGSON, EXECUTORS, ETC., PLAINTIFFS-APPELLANTS,
v.
LEROY V. POHL, MARY E. FLUHARTY AND HARRY FLUHARTY, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1951.
Decided October 24, 1951.
*89 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Walter S. Keown argued the cause for appellant.
Mr. Sidney P. McCord argued the cause for respondent, LeRoy V. Pohl (Messrs. Starr, Summerill and Davis, attorneys).
Mr. Samuel P. Orlando argued the cause for respondents Fluharty (Messrs. Orlando, Devine and Tomlin, attorneys).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiffs, husband and wife, brought this action to recover damages for personal injuries allegedly suffered on November 28, 1947, by Mrs. *90 Hodgson when a taxicab of defendant Pohl in which she and her husband were passengers collided with a fuel oil truck of defendants Fluharty on Atlantic Avenue, Haddonfield. Upon the trial in the Law Division, Camden County, plaintiffs met with jury verdicts of no cause for action as to all defendants. The husband has died since the trial and this appeal from the ensuing judgment is pressed by Mrs. Hodgson and the executors of his estate.
At the time of the accident Atlantic Avenue was a little used thoroughfare, dirt-surfaced and very rough and washed out in places, and had no curb on either side. The west side of the street ran along railroad tracks. On the east side, back of some buildings, was a fuel oil depot from which, between two of the buildings, a driveway ran into Atlantic Avenue. The building on the south side of the driveway, a two-story storehouse, extended almost to the roadway of Atlantic Avenue. The taxicab was proceeding north on Atlantic Avenue and neared the driveway as the oil truck was about to enter Atlantic Avenue from the driveway. The taxicab driver testified that when the taxicab was within a car's length of the driveway he saw the front of the truck emerging slowly some ten feet from the roadway. He too was driving slowly and admitted he could have stopped but said, "I didn't realize he wasn't going to stop, so I didn't try to stop," but "put on gas and tried to beat him." The truck driver admitted that he could not see to his left as he sat in the cab of the truck because the storehouse obstructed his view, and yet that, without sounding his horn, he continued into the roadway. He applied his brakes as the taxicab passed in front of his truck but too late to prevent a contact of the right rear fender and hub cap of the taxicab with the right end of the truck's front bumper. The blow was a glancing one, breaking the truck's right bumper bracket and denting the taxicab fender and hub cap. The damage to the taxicab was repaired at a cost of $7.
The answer of each defendant denies negligence and by a separate defense pleads that the collision was caused by the *91 negligence of the other. The pretrial order also recites that "both defendants deny any negligence and blame the other." The defense of unavoidable accident is not expressly pleaded in either answer, nor is that defense suggested in the pretrial order.
The charge instructed the jury as to the duties of care of the respective drivers, as to plaintiffs' burden to prove their case upon the issues of negligence, proximate cause and damages, and that if plaintiffs were entitled to verdicts it was for the jury to say whether the verdicts should go against both or only one of the defendants. The charge, however, also included the following:
"`* * * and if the accident complained of was inevitable it is not a case of negligence. An accident is inevitable if the person by whom it occurs neither has or is legally bound to have sufficient power to avoid it or prevent its injury. In such a case the essential element of a legal duty is lacking, and it cannot therefore be a case of negligence.'"
and, later, the following:
"I have already charged with regard to this matter, but I am going to charge it again. `If you find as a fact that the accident was unavoidable, then I charge you your verdict must be in favor of all the defendants named in this suit. The mere happening of an accident is not evidence of negligence.'"
Plaintiffs contend that in giving the quoted instructions the trial court committed prejudicial error. We are satisfied that this is so. We are not persuaded that the error lies, as plaintiffs urge, in the giving of instructions upon an issue not covered by the pleadings or pretrial order. By the great weight of authority, the defense of unavoidable accident, if raised by the evidence, is available under a general denial of negligence and need not be affirmatively pleaded. This is because an unavoidable accident is a direct refutation of the charge of negligence which it is plaintiff's burden to sustain. Seele v. Purcell, 45 N. Mex. 176, 113 P.2d 320 (Sup. Ct. N. Mex. 1941) citing cases from many jurisdictions; Huddy's Cyc. Automobile Law (9th ed. 1931), vol. 15-16, sec. 122. *92 And unavoidable accident is not listed among the defenses expressly required by Rule 3:8-3 to be affirmatively pleaded.
Rather, we perceive error in the charge because the testimony as to how this mishap occurred negated the existence of the element necessary to support a finding that the accident was unavoidable. An accident is deemed to be unavoidable only when ordinary care and diligence could not have prevented the happening of the thing which did happen. 1 C.J.S., Accident, pp. 440 et seq.; 65 C.J.S., Negligence, sec. 21, p. 430; Prosser, Torts (1941), pp. 172 et seq.; Brown v. Kendall, 6 Cush. 292, 60 Mass. 292 (Sup. Jud. Ct. Mass. 1850). "An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care, that is, one not caused by the fault of any of the persons; if the accident producing the injury could have been prevented by either person by means suggested by common prudence it is not deemed unavoidable." 65 C.J.S., supra, p. 430; and see Wilcox v. Christian and Missionary Alliance, 124 N.J.L. 527 (E. & A. 1940). Here the testimony precluded any valid finding that this accident was one which occurred while all persons concerned were exercising ordinary care. Heinz v. Atlantic Stages, Inc., 113 N.J.L. 321 (E. & A. 1934); Hoffman v. Smith, 6 N.J. Misc. 1090 (Sup. Ct. 1928); cf. Murphy v. Terzako, 14 N.J. Super. 254 (App. Div. 1951).
And the instructions given were particularly inappropriate for another reason. "In the sense in which `unavoidable' means inevitable, as distinguished from unavoidable by the exercise of due care, it has been said that `unavoidable accident' comprehends only damage and destruction arising from supervening and uncontrollable forces or accident; * * * or one which is inevitable or absolutely unavoidable, because effected or influenced by the uncontrollable operations of nature." 1 C.J.S., supra, p. 442. The court defined "unavoidable accident" as synonymous with "inevitable accident" in the sense of an occurrence having its origin other than exclusively in the agency of man. *93 This occurrence resulted from human agency alone, and the instructions as phrased were thus irrelevant.
Defendants argue, however, that even if the question of unavoidable accident was irrelevant in light of the proofs, there was nevertheless no error in the misdirection injuriously affecting plaintiffs' rights (see Rule 1:2-20 (b)) because the jury could have found, and probably did find, that Mrs. Hodgson failed to prove that she suffered any injury proximately caused by the collision, or in any event, had not proved a consequential injury justifying compensation. Defendants rely on Murphy v. Terzako, supra.
The argument is not without merit. Mrs. Hodgson's unsupported testimony that there was a violent impact which threw her from the seat was countered by the inference of a slight impact apparent from the trivial damage to both vehicles and by the testimony of the two drivers that the impact was slight and that both of them saw Mrs. Hodgson still seated when the taxicab stopped. She and her husband completed their trip to Camden in the taxicab after the collision without any complaints on her part of injury. She did not consult a doctor until two days later and, while she testified that that was the first time she had seen a doctor in many years, the doctor testified his records showed that she had consulted him in the month of August before the accident. Her medical testimony revealed that she was suffering from a pre-existing arthritic condition, which the jury could have found on the proofs was not in any way aggravated or affected by the collision. Finally, her shoulder bursitis was definitely established by her own doctor to have no causal connection with the mishap but to be an aftermath of a fall down her apartment steps which happened after the collision and before the trial.
However, we are satisfied that there should be a new trial. It will not be presumed that the jurors disregarded the instructions which incorrectly left them at liberty to rest the verdict upon a finding of unavoidable accident. 53 Am. Jur., Trial, p. 614, sec. 837.
Reversed with direction for a new trial. No costs.