**H. T. HUEY, Plaintiff in Error,**

v.

**Sibyl Inez STEPHENS, Defendant in Error.**

No. 35956.

Supreme Court of Oklahoma.

July 13, 1954.

Rehearing Denied Sept. 14, 1954.

Dick Bell, Seminole, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Reference is made to the parties herein as they appeared in the trial court.

Plaintiff, H. T. Huey, sued defendant, Sibyl Inez Stephens, for damages resulting from an automobile accident. Upon trial of the case there was a general verdict in favor of defendant upon which judgment was entered, and plaintiff appeals.

Plaintiff's petition alleges, in substance, that on November 15, 1950, the defendant was driving her 1950 Dodge coach in a northwesterly direction on U. S. Highway. 270 at a point about two miles northwest of Seminole, Oklahoma, in a dangerous and reckless manner; that plaintiff was driving a 1950 Chevrolet pickup at said point in a southeasterly direction in a lawful and prudent manner on his side of the pavement when suddenly and without warning defendant drove her car off the pavement to her right and, in attempting to get back on the pavement, she caused her car to swerve to the left and across the pavement on plaintiff's side of the highway, colliding with plaintiff's pickup with such force as to knock the pickup off the highway and inflict certain injuries upon plaintiff, for which he prayed judgment.

Defendant answered denying generally and severally all material allegations of plaintiff's petition, and charging plaintiff with contributory negligence. She also pleaded the last clear chance doctrine and unavoidable accident.

The evidence reveals that plaintiff was driving at a speed of around 40 miles per hour in a southeasterly direction and on his side of the road, and that defendant was driving at a speed of 45 or 50 miles per hour in a northwesterly direction along said highway which is paved with concrete slab. Just over the crest of a hill, the road made a slight turn to the right. Just below the crest, at the slight curve, there was a six inch deep rut along the edge of the pavement for a distance of approximately 80 feet. One of the right wheels of defendant's car dropped off the pavement into this rut and the car traveled about 65 feet and then cut back onto the pavement and across the highway into the side of plaintiff's truck. Defendant testified as follows:

"Q. The best you can recall, can you tell us to the best of your knowledge what happened? A. One of my wheels ran off of the pavement and there was a deep drop off. I completely lost control of the car. I tried to hold it and I just couldn't, and the car, I lost control, and it started spinning across the road.

"Q. How long were you off the road as far as you know? A. Well, I didn't think I was off the road but just a split second, it seemed to grab the wheel and jerk me back up on the road.

"Q. Just tell the jury what you did with your steering wheel the minute your wheel dropped off. A. Well, I tried to hold it steady, of course, but it just jerked out of my hand. It didn't

really jerk out of my hand, but it jerked as the car ran back on the road. I didn't jerk it up on the road, but I just lost control."

Plaintiff states, as grounds for reversal, that error was committed by the trial court in instructing the jury on "unavoidable accident", it being his contention that the evidence did not warrant the giving of such instruction.

Though, as we have seen, defendant pleaded "unavoidable accident" as one of her defenses, there was no evidence to support it. Her counsel seeks to place all of the blame for the accident on the condition of the road. They argue quite convincingly that she was not negligent in merely running off the concrete slab onto the shoulder, as the evidence shows other motorists had done many times before; and they seek to support her own conclusions by her testimony that after her car left the slab and dropped off into the rut in the shoulder along its edge, the car got "out of control". They apparently seek to leave the impression that there was nothing humanly possible she could have done to bring the car under control and avoid the accident in the "split second" before the car jumped back onto the slab and darted towards plaintiff's truck, ramming it. While there may be some authority to support the argument that there was no negligence in defendant's inadvertently allowing her car to get off of the concrete, (even though we note it was 18 feet wide and ample to accommodate two cars passing each other) if her conduct had stopped there, Sutton v. Bland, 166 Va. 132, 184 S.E. 231, we note that no one asked her, nor did she testify, that she made any effort to apply her automobile's brakes or to reduce its speed after dropping off onto the shoulder. It has been stated as a general rule of law that a part of a motor vehicle operator's duty is to have it under such control as to avoid collision with other persons properly operating vehicles on the same highway, and this includes being able to slow the car to meet the requirements of varying road conditions or to stop it, if necessary, to avoid collision. In this connection see 5 Am.Jur., "Auto-

mobiles", Secs. 165–167. Of course a motorist is not liable for an "unavoidable" or "inevitable" accident, but an accident is "inevitable" or "unavoidable" only "if the person by whom it occurs neither has, nor is legally bound to have, sufficient power to avoid, or prevent its acting so as to injure others." Am.Jur. Vol. 25, "Highways", Secs. 162, 223, Vol. 38, "Negligence", Sec. 6. Such an accident is brought about by some "agency" over which the motorist has no control and is rendered "inevitable" thereby, while he is using the customary modes of controlling his car. See Ralston v. Dossey, 289 Ky. 40, 157 S.W.2d 739. Examples of such agencies may be the unanticipated presence of grease or other material on a road rendering it slick or slippery, or, of loose gravel, or some latent defect or unforeseeable condition which renders good breaking ineffective when applied. See, for instance, Consolidated Coach Corp. v. Hopkins' Adm'r., 238 Ky. 136, 37 S.W.2d 1; DeForest v. Soules, 278 Mich. 557, 270 N.W. 785; and other cases cited in the Annotations at 113 A.L.R. 1002, and 10 A.L.R.2d 895. Here, however, there was no such agency or factor. Defendant testified that the highway was "slightly" damp, but that she didn't think it had rained and there was no evidence that the road was wet, slick or slippery. The weather was then apparently clear and the visibility good, with no obstructions. In fact, there is no reason, condition of the road, or other explanation for defendant's failure to apply her brakes, or justifiable reason from any source for her "losing control" of the car, rather than slowing it down and proceeding to a point on the shoulder where she could have safely brought it back on the pavement. There is no evidence that the shoulder was not ample to have afforded this. In this connection notice Foster v. Gamble-Robinson Co., 188 Minn. 552, 247 N.W. 801, 802. Nor are we impressed by defendant's testimony that she was off of the road only "a split second", and the argument made by her counsel concerning this circumstance. Similar testimony was given by the defendant in Ind v. Bailey, 198 Minn. 217, 269 N.W. 638, but there the court held

that an automobile driver may not claim the benefit of the rule justifying loss of control caused by an emergency or traffic hazard, when his own acts have contributed to the situation in which he finds himself.

 As we have found no evidence in the present case that the collision involved was the result of an unavoidable or inevitable accident we have determined erroneous the trial court's instruction No. 16, directing the jury to return a verdict in favor of defendant, if it found that such was the case. In speaking of the issue as to whether a collision was the result of unavoidable accident, the court in Bailey v. Woodrum Truck Lines, Tex.Civ.App., 36 S.W.2d 1090, 1093, said:

"It becomes a separate and distinct issue for submission to the jury in a proper form in the event only of the introduction of some evidence tending to show that the injury complained of resulted solely from some condition or act for which the defendant is not chargeable, * * * ; or that it resulted from some unknown and wholly conjectural cause; or in some manner that cannot be explained, * * *. '

"In the present suit, there was no evidence introduced tending to support the defense of unavoidable accident, properly interpreted, as a separate and distinct defense from the issues of negligence and contributory negligence; * * *. Hence there was no proper basis for submitting the defense of unavoidable accident in any form, as a separate and independent defense. (Citing authorities.)"

See also other authorities cited in Blashfield's Cyclopedia of Automobile Law and Practice (Per.Ed.), Vol. 10, Part 2, Sec. 6698. In the quoted case, the court finally concluded that the giving of the instructions on the issue of unavoidable accident was harmless error and not cause for reversal, but there, the jury had made a finding of the defendant's lack of negligence, separate and apart from its finding that the collision was an unavoidable accident. That was not the situation here, where the only expression from the jury was a general verdict in favor of defendant. Consequently we have no such basis for concluding that the error was harmless. It is presumed that jurors follow the court's instructions. Therefore, it cannot be presumed that those in this case disregarded Instruction No. 16, "which incorrectly left them at liberty to rest the verdict upon a finding of unavoidable accident." Hodgson v. Pohl, 16 N.J.Super. 87, 83 A.2d 783, 786. Said instruction was incorrect and misleading, to say the least, and as we cannot say with any degree of certainty or probability that its giving was not prejudicial to plaintiff's case, he should have a new trial on that account.

 Defendant's counsel seems to be of the opinion that even if said instruction was error, it cannot be held cause for reversal, because of the character of the evidence as to plaintiff's damages. They argue that the jury, in arriving at its verdict for defendant, may well have concluded that plaintiff suffered no damages. In making this argument, they refer first to a portion of the evidence indicating that plaintiff's employer had advanced all of plaintiff's medical expenses, to be reimbursed in the event he recovered them in this action, and that it had continued to pay his wages for the entire period following the accident until the trial. In the case of Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560, 561, this court followed the general rule and weight of authority (See 15 Am. Jur., "Damages", Sec. 198; Annotations 95 A.L.R. 575) in holding:

"Upon commission of a tort it is the duty of the wrongdoer to answer for the damages wrought by his wrongful act, and that is measured by the whole loss so caused and *the receipt of compensation by the injured party from a collateral source wholly independent of the wrongdoer does not operate to lessen the damages recoverable from the person causing the injury.*" (Emphasis ours.)

And, as a corollary to the above, we might add that even if the medical services to plaintiff had been rendered gratuitously,

that still would not have eliminated such item from the measure of his damages. See 15 Am.Jur., "Damages", Sec. 199.

In another place in their briefs, defense counsel argue that the jury may have found for defendant because plaintiff's medical evidence was insufficient to "prove disability resulting from accidental injury" to its "satisfaction", though in the same sentence they say: " * * * we are not trying to argue that this man, Huey, did not suffer an accidental injury in the automobile accident * * * ". We deem it inappropriate and unnecessary to deal with such argument, especially as we have already determined that the case should be retried. Hodgson v. Pohl, supra.

In accord with the foregoing views, the judgment of the trial court is reversed and this cause is remanded thereto, with directions to set aside its previous order overruling plaintiff's motion for a new trial and enter an order, in lieu thereof, sustaining said motion.

JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD and O'NEAL, JJ., concur.

HALLEY, C. J., and WILLIAMS, J., dissent.

WILLIAMS, Justice (dissenting).

I am unable to agree with the majority opinion. The effect of the holding is to determine that defendant was guilty of primary negligence as a matter of law because the right wheel of her car dropped off in a rut at the edge of the road. I believe that such question is a fact question to be determined by the jury.

The authorities from other jurisdictions are in great conflict on the question involved. Some cases are to be found holding that evidence of the nature presented here constitutes prima facie negligence. Other cases are to be found holding that such evidence presents a fact question for determination by the jury. Still other cases are to be found holding that such evidence constitutes no evidence of primary negligence whatsoever.

While the Oklahoma authorities on the question are few, I am of the opinion that we have heretofore adopted the view that such evidence presents a question for determination by the jury.

In the case of Hartman v. Dunn, 186 Okl. 9, 95 P.2d, 897, 901, which involved an automobile wreck, the evidence showed that when defendant steered the car to the right the car swerved in loose gravel, got out of control and the accident resulted. We said in that case:

"It was not within the province of the trial court's duties to determine, as a matter of law, whether this accident was unavoidable. Under the evidence, the matter was properly submitted to the jury and we find no error in the instruction given."

In the case of Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, 929, wherein the question of the propriety of an instruction on unavoidable accident was concerned, we said:

"Negligence is not an element of unavoidable accident but it must be the result of unforeseen circumstances and conditions producing it and which could not have been avoided except by the exercise of exceptional foresight. Eliminating all elements of negligence, the only fact which would demonstrate the unavoidable nature of the collision would be the close proximity of the truck to the rear end of plaintiff's car at the instant she reduced the speed from 35 to 25 miles per hour. There is no such evidence. We think this instruction was not authorized by any fact established by the evidence nor by any reasonable inferences which may be drawn from the facts in evidence."

The corollary of the holding of case from which quotation was taken would be course be that if there had been evidence of the close proximity of the truck to the rear end of plaintiff's car at the instant she reduced its speed from 35 to 25 miles per hour, then an instruction on unavoidable accident inter alia would have been proper.

In the case at bar, the defendant pleaded unavoidable accident as a defense. In Wilson v. Roach, 101 Okl. 30, 222 P. 1000, we defined an unavoidable accident as a casual-

ty which occurs without negligence of either party and when all means which common prudence suggests have been used to prevent it. The determination of whether unavoidable accident was available as a defense in this case of necessity involves a determination of whether the acts of the defendant constituted negligence. I am of the opinion that such determination is one for the jury and not for this court and I therefore respectfully dissent.