Josephine TYREE, Plaintiff in Error,

v.

Richard DUNN, Defendant in Error.

No. 37545.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 24, 1957.

Walter Billingsley, Allen G. Nichols, Wewoka, Dick Bell, Seminole, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

JOHNSON, Justice.

Parties will be referred to as they appeared in the trial court.

This is an action for damages to plaintiff's automobile and for personal injuries sustained by her when defendant (Richard Dunn) allegedly negligently ran into the rear end of her car while she was stopped in obedience to the red light of a stop sign.

The defendant in his answer admitted that the accident occurred, but denied any negligence on his part and alleged that the accident was caused by an automotive casualty due to a mechanical failure over which he had no control or prior warning. Trial of the case resulted in a general verdict for the defendant upon which judgment was entered, and plaintiff appeals.

This appeal involves the sufficiency of the evidence to raise the issue of "unavoidable accident" and the prejudicial effect of the court's instruction on that issue.

Plaintiff contends that there was no evidence to raise that issue, and that it was reversible error to instruct the jury on same.

In Huey v. Stephens, Okl., 275 P.2d 254, we held that an instruction that the verdict should be for defendant if jury found that the collision was the result of an unavoidable accident where there was no evidence

establishing the accident as unavoidable was, as that case was submitted, prejudicial error. In Hayward v. Ginn, Okl., 306 P.2d 320, we held that under the record therein that the giving of the instruction, though erroneous because there was no evidence to establish the fact that the accident was unavoidable, was harmless error, and thereby modified Huey v. Stephens, supra, to that extent for the reason that a search of the record did not reveal that the instruction given resulted in a miscarriage of justice.

However, in the instant case, from a careful examination of the record, we are of the opinion that the defense of the harmless error statute (12 O.S.1951, § 78) is not, as applied in Hayward v. Ginn, supra, available.

A brief résumé of the evidentiary matters is substantially as follows: That the defendant saw the car driven by plaintiff at least a block away. He admitted that she had stopped at a stop sign, and that the red light was on. He admitted that he was 20 feet behind plaintiff's car when he discovered his brake was out. He further admitted that he had an emergency brake, but that he did not use it. Though he testified that he was driving only ten to fifteen miles per hour at the time the accident occurred, yet the damage to the right rear fender and bumper was in the sum of $80, caused by the impact of his car when he attempted to go around plaintiff's car apparently to avoid hitting her car. He testified that the impact knocked plaintiff's car forward about five feet. He testified that the impact knocked the left fender of his car back against the tire and knocked the head light out. He further testified that the back bumper of plaintiff's car was broken, left tail light broken and fender dented. He was asked this direct question on cross examination:

"Q. You ran into the back of her car because you didn't think about what you could have done to avoid it. That's the reason isn't it? Go ahead and answer."

"A. Yes, sir."

The street was presumably level, and the accident admittedly was in broad daylight. The plaintiff's car was at all times in plain view of the defendant. He saw the red light and knew that he must stop under the law.

This evidence does not raise the issue of "unavoidable accident" and the submission of the issue to the jury was prejudicial to the rights of plaintiff, resulting in a miscarriage of justice. No negligence was shown on the part of plaintiff whatsoever. By the use of means suggested by common prudence, the defendant could have prevented the accident; therefore, the accident was not unavoidable.

In Huey v. Stephens, supra, following Sullins v. Pace, Tex.Civ.App., 208 S.W.2d 583, we defined the term "unavoidable accident" in the first paragraph of the syllabus as follows:

"An 'unavoidable accident' is one which occurs while all persons concerned were exercising ordinary care, being one not caused by the fault of any of the persons, and if the accident could have been prevented by either person by means suggested by common prudence, it is not deemed unavoidable." [275 P.2d 255.]

In the body of the opinion in Sullins v. Pace, supra, at page 584, will be found a statement of the facts involved. There, the court said:

"The facts show that collision occurred on a paved street in the City of Dallas, in the daytime, about 7:15 A.M. Appellee testified that as he was approaching an intersecting street in his automobile, he saw, in front of him, about two blocks away, a line of automobiles stopped, waiting to cross the intersection; that, when he saw the line of cars, he began to slow down, gradually came to a full stop at the back end of the line of cars; that prior to and when making the stop, he gave the hand-stop-signal by extending his left

arm out the window and downward; that after coming to a complete stop, he saw, at least a block behind him, the defendant's automobile through the rear view mirror in his car; and that, in about six or more seconds thereafter, the defendant's automobile came up, ran into the rear of his car, resulting in injury to him and damage to his automobile. Appellee's testimony was substantially corroborated by a Mr. Tanner who, at time of the collision, was sitting in the back seat of appellee's automobile."

In summarizing the defendant's theory in the Sullins case, the court said:

"(3) Appellant Sullins, the sole witness for himself, testified 'that he was following two or three hundred yards behind plaintiff at the time and on the occasion above, at a speed of thirty miles per hour. That he could see plaintiff's automobile at all times, that he could see the line of cars stopped in the street ahead of plaintiff for at least one block away, that plaintiff came to a sudden stop in front of him, that he did not see plaintiff give any hand signal, that he put his foot on the brake pedal immediately before the collision, but not in time for the brakes to catch hold, and that he ran into the rear of plaintiff's stopped automobile at thirty miles per hour, the same speed at which defendant had theretofore been traveling.' We think that this evidence does not raise the issue of 'unavoidable accident' or present a 'new independent cause'; and that the erroneous submission of 'unavoidable accident', and the failure of the court to define the term 'new independent cause,' show no reversible error."

The issues of fact and law and the analysis thereof in the Sullins case are so applicable to the case at bar that we quote further from the opinion as follows:

"(4, 5) An unavoidable accident is one which is not occasioned, in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable."

One who pleads an unavoidable accident has the burden of showing that everything was done within human power to avoid the accident. In the case at bar defendant admittedly failed to do many things that he could have done and thereby avoided the accident.

For the reasons given herein, the cause is reversed and remanded with directions to grant plaintiff a new trial.

Other questions are raised, but in view of what we have said, and since a new trial must be granted, such questions may not re-occur in a new trial; therefore, we deem it unnecessary to consider same at this time.

CORN, V. C. J., and DAVISON, BLACKBIRD, and CARLILE, JJ., concur.

HALLEY, J., concurs in result.

WILLIAMS and JACKSON, JJ., dissent.